1   SHARTSIS FRIESE LLP
    JOSEPH V. MAUCH (Bar #253693)
2   jmauch@sflaw.com
    DANIEL M. PONIATOWSKI (Bar #306754)
3   dponiatowski@sflaw.com
    One Maritime Plaza, Eighteenth Floor
4   San Francisco, CA  94111-3598
    Telephone:    (415) 421-6500
5   Facsimile:    (415) 421-2922

6   Attorneys for Plaintiff
    SIMPSON STRONG-TIE COMPANY INC.

7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11  SIMPSON STRONG-TIE COMPANY         Case No.
    INC.,
12                                     **COMPLAINT FOR COMMON LAW**
                           Plaintiff,  **TRADEMARK INFRINGEMENT, TRADE**
13                                     **DRESS INFRINGEMENT, FEDERAL**
        v.                             **TRADEMARK INFRINGEMENT, AND**
14                                     **COPYRIGHT INFRINGEMENT**
    NATIONAL NAIL CORP.,
15                                     **DEMAND FOR JURY TRIAL**
                           Defendant.
16

17        Plaintiff Simpson Strong-Tie Company Inc. ("Simpson" or "Plaintiff") hereby complains

18  against Defendant National Nail Corp. ("National" or "Defendant") as follows:

19                      I.      **NATURE OF THE ACTION**

20        1.      This action concerns National's focused, systematic, and recently accelerated effort

21  to copy Simpson marketing and advertising materials in order to market and advertise National's

22  CAMO brand of decking products, generally, and the recently released CAMO brand of structural

23  fasteners, in particular. As described in more detail below, this campaign of copying has included

24  (1) increased use of an orange color that is virtually identical to the orange color that Simpson has

25  used for decades; (2) copying the look and feel of Simpson marketing videos; (3) use of DRIVE

26  and CLIPDRIVE on fastener application systems; (4) duplicating promotional stickers that

27  Simpson has used to promote its products; and (5) copying Simpson fasteners and copyrighted

28  literature describing features of those fasteners.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

## II.     THE PARTIES

2.      Simpson is a California corporation with its principal place of business in Pleasanton, Alameda County, California. As described in more detail below, Simpson is engaged in the design and manufacture of various products for the construction industry.

3.      On information and belief, Defendant National is a Michigan corporation with its principal place of business in Grand Rapids, Michigan. On information and belief, National markets competing products, including structural fasteners, under its CAMO brand.

## III.     JURISDICTION

4.      This is an action for trademark and trade dress infringement under the Federal Lanham Act, copyright infringement under the Federal Copyright Act, and unfair competition under California law. The Court has original subject matter jurisdiction over the First through Fourth Causes of Action for trademark and trade dress infringement under the Lanham Act pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331. The Court has original subject matter jurisdiction over the Fifth Cause of Action for copyright infringement under the Copyright Act pursuant to 28 U.S.C. § 1338(a). The Court has original subject matter jurisdiction over the Sixth Cause of Action for unfair competition under state law pursuant to 28 U.S.C. § 1338(b).

5.      The Court has personal jurisdiction over National because, among other things, National has established minimum contacts within the forum such that the exercise of jurisdiction over National will not offend traditional notions of fair play and substantial justice. National conducts business throughout the United States, and actively transacts business in this judicial district by selling its products in this district, directly and through retailers and retailers' websites. National advertises, markets, offers for sale, and sells its products in this judicial district.

## IV.     VENUE

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## V.     INTRADISTRICT ASSIGNMENT

7.      Pursuant to Civil Local Rule 3-2(c), intellectual property actions such as this action

are assigned on a district-wide basis.

## VI.   GENERAL ALLEGATIONS

### A.   Simpson is the Industry Leader in Structural Connectors

8.     Simpson is the world leader in structural product solutions for the construction industry. For more than 60 years, Simpson has marketed and sold products that make structures safer and stronger, and the company is recognized as the premier brand of structural connectors in the residential construction industry.

### B.   Simpson's Use of Simpson Orange

9.     For over three decades, Simpson has marketed, advertised, and sold its products with a distinctive, well-known orange color, designated Pantone 172, and known in the industry as "Simpson Orange." Simpson's use of Simpson Orange began with it using this distinctive color in its house mark logo. At least as early as 1986, Simpson introduced the following registered trademark (U.S. Registration No. 1,502,792) employing Simpson Orange:



10.     After introducing Simpson Orange in its house mark logo, Simpson began using this unique and distinctive color extensively across a broad spectrum of advertising and marketing materials, including but not limited to product packaging, product labels, point-of-sale materials, catalogs, informational flyers, and on its website and various social media platforms.

11.     Simpson owns the following incontestable federal trademarks, each claiming Simpson Orange as a feature of the mark:

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

Case No.                                                                    COMPLAINT

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

| | U.S. Reg. No. 1685994 |
|---|---|
| Description of mark: "The mark consists of two rectangles of equal horizontal dimension but unequal vertical dimension, separated by a small space; the smaller black rectangle positioned vertically above the larger orange-red rectangle. The drawing is lined for the color orange." | |
| **SIMPSON** **Strong-Tie** | U.S. Reg. No. 3609240 |
| **SIMPSON** **Strong-Tie** | U.S. Reg. No. 3205026 |
| **SIMPSON** **Strong-Tie** | U.S. Reg. No. 3610488 |

12.     The last three registrations above show Simpson's house mark ("Simpson's House Mark"), which Simpson uses across all of its product lines and on all packaging and promotional

- 4 -

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

materials. The first registration above (the "Orange and Black Registration") covers the orange and black rectangles with space between, which is used in Simpson's House Mark. On information and belief, at all relevant times, National had actual knowledge of Simpson's prior use and ownership of Simpson's House Mark and the Orange and Black Registration.

13.    Simpson prominently features the Simpson Orange color on its product packaging, as shown below:









SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28









14.     Simpson also uses Simpson Orange as an accent color throughout its product catalogs (which are available in hardcopy and online formats) and informational fliers, as shown below:




15.     Simpson also uses Simpson Orange as the primary accent color on its website at www.strongtie.com, as shown in the example below:



SHARTSIS FRIESE LLP
ONE MARITME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

16. Finally, Simpson uses Simpson Orange on its products, as shown below:





Quik Stik

StrapMate



Yield Link



PFS Portal Frame Stand-Off



SDPW14500 — Strong-Drive® SDPW Deflector Screw — 0.140 x 5 — Orange

17. Simpson spends millions of dollars on marketing and advertising every year. As described and exemplified above, Simpson' advertisements and marketing materials consistently feature the distinctive Simpson Orange. Since originally adopting the Simpson Orange color in its

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

logo, Simpson has spent tens of millions of dollars developing brand recognition in this color.

18.     Because of Simpson's long-standing, dedicated use of the Simpson Orange color as described and exemplified above, consumers recognize the Simpson Orange color and associate that color with Simpson and its innovative products.

### C.     National's Copying of Simpson Orange

19.     National has made an intentional choice to use a shade of orange that is virtually identical to Simpson Orange across its own marketing and advertising of its competing CAMO brand of products. Like Simpson, National uses this color across its website (camofasteners.com), social media platforms (including Facebook, YouTube, Instagram, and Twitter), products, product packaging, and marketing literature. Non-exhaustive examples of this use are shown below.



**CAMO Website**

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598



CAMO Marketing Video on YouTube





CAMO Product Packaging

CAMO Product Catalog

20.     Defendant's current branding, which prominently uses the identical color orange as Simpson's marks, shifts away from its previous CAMO branding, which used a very different color scheme. Furthermore, Defendant is using an overall look and feel that is similar to Simpson's

branding.

21.     On information and belief, National was aware of Simpson's logo, packaging, and advertising, and then changed the existing CAMO logo, packaging, and advertising to incorporate more orange and black than previously used and to select a new shade of orange that is confusingly similar to Simpson Orange. As shown in the examples below, National previously used an advertising and marketing scheme for CAMO products that emphasized camouflage. While an orange accent color was sometimes used, orange did not predominate in the way it does in CAMO marketing now and the shade of orange was much lighter and distinctly different than Simpson Orange.

**CAMO Website 2013**



**CAMO Deck Screw Packaging Approx. 2017**



SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

1

2

3

4

5

6

7

8

9

10

11

12

13

14

**CAMO**
**Website 2018**



15    **1.    National's Copying of the Look and Feel of Simpson's House Mark**

16    22.    As part of its use of Simpson Orange, National has updated CAMO's logo to include

17    the same color orange, along with black and white, just like Simpson's House Mark. Defendant's

18    CAMO logo now looks strikingly similarly to Simpson's well-known house mark logo, with a black

19    rectangle above an orange rectangle with white font in both rectangles:

20

21

22

                                              

23    **2.    National's Copying of the Look and Feel of Simpson's Marketing**
          **Videos**

24

25    23.    National also uses Simpson intellectual property, generally, and Simpson's

26    trademarked color scheme, in particular, in the marketing videos that National has released over

27    the last year on its website and YouTube channel. As shown in the exemplar screenshots below,

28    taken from Simpson fastener videos and CAMO fastener videos, National has prominently used

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598

the Simpson color scheme of Simpson Orange, black, and white; copied Simpson tag lines and advertising text; and generally matched the look and feel of Simpson videos for its competing fastener products. All of the CAMO videos employing the Simpson color scheme and look and feel have been released in the last few years, primarily in the last twelve months, and all post-date the Simpson videos they imitate.



"What Is a Strong-Drive® SDWS Framing Screw" (Sep. 22, 2017)
https://www.youtube.com/watch?v=wkijFnl8Fyg

"CAMO Edge Screws—The Best Hidden Fastener for Square Decking" (Jan. 25, 2022)
https://www.youtube.com/watch?v=IK73O4Op8yE





"How Does the Strong-Drive® SDWS Timber Screw Compare to a Traditional Lag Bolt Screw?" (Feb. 5, 2020)
https://www.youtube.com/watch?v=vf_s9E0yuGw

"Introducing Structural From CAMO" (Dec. 8, 2022) https://www.youtube.com/watch?v=Tb1AF27-Gww



"What Is a Strong-Drive® SDWS Framing Screw" (Sep. 22, 2017) https://www.youtube.com/watch?v=wkijFnl8Fyg

"Introducing Structural From CAMO" (Dec. 8, 2022) https://www.youtube.com/watch?v=Tb1AF27-Gww

### 3.   National's Use Of Promotional Hard Hat Stickers

24.   National has also copied Simpson promotional stickers. In 2020, Simpson launched a promotional campaign for its fastener products that includes hard hat stickers that Simpson sales representatives hand out to customers and potential customers to promote Simpson and Simpson fasteners. The stickers employ Simpson's distinctive color scheme of Simpson Orange, black, and white, and make use of certain motifs, including strength, skulls, bones, shields, and American flags. Simpson recently learned that National has launched a campaign promoting its CAMO fasteners that includes very similar stickers. Below is a photograph of the Simpson stickers (on left) and the CAMO stickers (on right).




25.   Just like Simpson's stickers, the CAMO stickers are orange, black, and white and depict very similar themes of strength, skulls, bones, shields, and American flags.

26.   The similarities are far too close to be coincidental. Not only do the CAMO stickers have the exact same color scheme and themes, but, as shown in the examples below, some of the stickers are clear copies.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

27.     Both Simpson and CAMO have an orange, black, and white sticker with an American flag formed by screws and a tag line underneath:

                          

**Simpson Sticker**                          **CAMO Sticker**

28.     Both have an orange, black, and white sticker in the shape of shield with fasteners on it:

                          

**Simpson Sticker**                          **CAMO Sticker**

29.     Both have an orange, black, and white circular sticker with a skull in the middle and reference to "bones":

                          

**Simpson Sticker**                          **CAMO Sticker**

**D.     National's Use Of The DRIVE And CLIPDRIVE Marks**

30.     Another way that National has infringed on Simpson's intellectual property is its use of DRIVE and CLIPDRIVE as trademarks. Simpson has sold an auto-feed screw driving system under the QUIK DRIVE mark for decades. An example of Simpson's marketing featuring a QUIK

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598

Case No.                                                    COMPLAINT
01435\284\9491482.v8

DRIVE tool is shown below:



31.     Simpson is the owner of numerous registered trademarks related to QUIK DRIVE including two incontestable registrations in the United States (U.S. Reg. Nos. 1544189 and 2133981). The QUIK DRIVE system includes a tool (in corded and cordless versions) that allows users to apply collated screws while standing upright.

32.     Simpson also owns several other marks ending in DRIVE, including CRIMP DRIVE (U.S. Reg. No. 4868205) and STRONG-DRIVE (U.S. Reg. No. 1745504), in connection with metal fasteners and metal screws, such that consumers are familiar with Simpson's family of DRIVE marks in connection with fasteners, an auto-feed screw driving system, and related tools.

33.     Simpson is aware that National had its own similar tool under the CAMO brand that attached to a drill to apply collated screws while standing upright, which it called the EDGE PRO. Then, in late 2019, National introduced a modified version of this product and re-named it the DRIVE tool. National later introduced a related CAMO product, the CLIPDRIVE tool, which like the DRIVE tool attaches to a drill and allows a user to install CAMO Universal Deck Clips while standing upright.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598

01435\284\9491482.v8

34.     National's CLIPDRIVE tool is painted an orange color that is identical or confusingly similar to Simpson Orange:



**CAMO CLIPDRIVE tool**

35.     On information and belief, National's use of DRIVE and CLIPDRIVE in connection with products that are very similar to Simpson's QUIK DRIVE product is designed to trade on Simpson's longstanding use of Simpson's family of DRIVE marks (e.g., QUIK DRIVE, CRIMP DRIVE, STRONG-DRIVE) and the goodwill associated with those marks. This intent is apparent from, among other things, National's decision to change from the non-infringing EDGE PRO mark that it had used for years to DRIVE and CLIPDRIVE, which is painted orange.

**E.     20 National's Copying Of Simpson Copyrighted Literature For Structural Screws**

36.     National's copying of Simpson's materials also includes promotional materials that are protected by copyright law. For example, at the end of 2022 National launched a line of CAMO structural fasteners that are very similar to and share many of the same attributes as Simpson's fasteners. As demonstrated by the illustration below, the CAMO Framing Screw is remarkably similar to the Simpson SDWS Framing Screw.




**CAMO Framing Screw**                    **Simpson SDWS Framing Screw**

37.     Not only has National clearly copied the look and features of Simpson's fasteners, but National has also copied Simpson's copyrighted marketing literature concerning these fasteners. For example, National has published a marketing document for the CAMO Framing

Case No.                                        COMPLAINT

01435\284\9491482.v8

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

Screw entitled "camo-structural-framing-screw-sell-sheet.pdf" ("CAMO Sell Sheet"). A true and correct copy of the CAMO Sell Sheet is attached to this Complaint as Exhibit A. Much of the format and language of the CAMO Sell Sheet appears to have been lifted from Simpson's own marketing document for its SDWS Framing Screw, entitled "Versatility Defined - Strong-Drive® SDWS FRAMING Screw Multipurpose Structural Wood Screw," available on Simpson's website at https://www.strongtie.com/strongdrive_exteriorwoodscrews/sdws-q_screw/p/strong-drive-sdws-framing-screw ("Simpson Flier"). A true and correct copy of the Simpson Flier is attached to this Complaint as Exhibit B. The Simpson Flier is registered with the U.S. Copyright Office as U.S. Reg. No. TX0009267039. As shown directly below, the similarity of the companies' diagrams identifying the features of their respective products demonstrates how National has copied Simpson's pre-existing copyrighted literature for Simpson products to create its own literature for its own new, competing product.




**CAMO Sell Sheet, p. 1**                    **Simpson Flier, p. 2**

38.     Some of the verbiage in the CAMO Sell Sheet quoted above is nearly identical to the Simpson Flier that was copied by National, as illustrated by the examples below:

| Simpson Flier | CAMO Sell Sheet |
|---|---|
| "Underhead box nibs make for easy countersinking and clean look" | "Underhead nibs help countersink screw" |

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598

| Simpson Flier | CAMO Sell Sheet |
|---|---|
| "Saw Tooth™ point ensures fast starts and reduced torque for easier driving without predrilling" | "Sharp point for fast starts - No pre-drilling required" |

39.    National's improper imitation of Simpson marketing and advertising, and concomitant trading on Simpson goodwill, in connection with the release of its new line of CAMO structural fasteners is also apparent from Defendant's announcement of its new product line. Indeed, in an email blast apparently sent to CAMO customers and potential customers on November 14, 2022, shown below, National introduced its structural fasteners by means of many of the elements of Simpson marketing and advertising described above, including the Simpson color scheme of Simpson Orange, black, and white; an embedded video mimicking the look and feel of Simpson promotional videos; and use of copyrighted Simpson formatting and text to describe the features of the CAMO fasteners (which in turn look nearly identical to Simpson fasteners).




## VII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Common Law Trademark Infringement

40.     Simpson repeats and realleges, as if fully set forth, the allegations contained in paragraphs 1 through 39.

41.     Simpson has continuously used the Simpson Orange color as a trademark in interstate commerce since at least 1986.

42.     The Simpson Orange trademark is non-functional and has acquired secondary meaning.

43.     Defendant has used a color that is confusingly similar to Simpson Orange on competing products, product packaging, and marketing materials, including Defendant's website promotional videos, and stickers.

44.     Defendant's use of Simpson Orange on and in connection with competing goods in interstate commerce is likely to cause confusion, to cause mistake, or to deceive the public as to the affiliation, connection, or association of Defendant with Simpson, or as to the source, origin, sponsorship, or approval of Defendant's products by Simpson. Simpson is not in fact affiliated, connected, or affiliated with Defendant.

45.     Defendant has therefore infringed Simpson's common law trademarks within the meaning of 15 U.S.C. § 1125(a).

46.     Defendant's trademark infringement has been committed with the intent to cause confusion, mistake and to deceive, and were otherwise deliberate, knowing, willful, and/or in bad faith.

47.     Defendant's trademark infringement has irreparably damaged, and is likely to continue to irreparably damage, Simpson's business, reputation, and goodwill.  Injunctive relief is appropriate because Simpson has and likely will continue to suffer damage for which there is no adequate remedy at law.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

## SECOND CAUSE OF ACTION
### Trade Dress Infringement (15 U.S.C. § 1125(a))

48. Simpson repeats and realleges, as if fully set forth, the allegations contained in paragraphs 1 through 47.

49. Simpson has continuously used the Simpson Orange color, and the combination of Simpson Orange, black and white, as trade dress in interstate commerce since at least 1986. This trade dress is non-functional and has acquired secondary meaning.

50. Defendant's use of a trade dress comprising Simpson Orange, and the combination of Simpson Orange, black and white, in interstate commerce is likely to cause confusion, to cause mistake, or to deceive the public as to the affiliation, connection, or association of Defendant with Simpson, or as to the source, origin, sponsorship, or approval of Defendant's products by Simpson.

51. Defendant has therefore infringed Simpson's trade dress within the meaning of 15 U.S.C. § 1125(a).

52. Defendant's trade dress infringement has been committed with the intent to cause confusion, mistake and to deceive, and were otherwise deliberate, knowing, willful, and/or in bad faith.

53. Defendant's trade dress infringement has irreparably damaged, and is likely to continue to irreparably damage, Simpson's business, reputation, and goodwill. Injunctive relief is appropriate because Simpson has and likely will continue to suffer damage for which there is no adequate remedy at law

## THIRD CAUSE OF ACTION
### Federal Trademark Infringement as to Simpson's House Mark and Orange and Black Registration (15 U.S.C. § 1114)

54. Simpson repeats and realleges, as if fully set forth, the allegations contained in paragraphs 1 through 53.

55. Simpson's House Marks (U.S. Reg. Nos. 3609240, 3205026 and 3610488) are registered with the United States Patent and Trademark Office and the registrations for Simpson's House Mark are incontestable.

56. Simpson's Orange and Black Registration (U.S. Reg. No. 1685994) is registered

Case No.

01435\284\9491482.v8

with the United States Patent and Trademark Office and is incontestable

57.     Defendant's new CAMO trademark comprising a black rectangle above an orange rectangle with white font in both rectangles is confusingly similar to the registered SIMPSON STRONG-TIE House Marks and the Orange and Black Registration. Defendant's use of similar trademarks in connection with products that compete directly with Simpson's products is likely to cause consumer confusion, to cause mistake, or to deceive the public as to the affiliation, connection, or association of Defendant with Simpson, or as to the source, origin, sponsorship, or approval of Defendant's products by Simpson.

58.     Defendant's acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

59.     Defendant's trademark infringement has been committed with the intent to cause confusion, mistake and to deceive, and were otherwise deliberate, knowing, willful, and/or in bad faith.

60.     Defendant's trademark infringement has irreparably damaged, and is likely to continue to irreparably damage, Simpson's business, reputation, and goodwill.  Injunctive relief is appropriate because Simpson has and likely will continue to suffer damage for which there is no adequate remedy at law.

### FOURTH CAUSE OF ACTION
**Federal Trademark Infringement as to the QUIK DRIVE Marks (15 U.S.C. § 1114)**

61.     Simpson repeats and realleges, as if fully set forth, the allegations contained in paragraphs 1 through 60.

62.     The QUIK DRIVE Marks (U.S. Reg. Nos. 1544189 and 2133981) are registered with the United States Patent and Trademark Office and are incontestable.

63.     Simpson's CRIMP DRIVE (U.S. Reg. No. 4868205) and STRONG-DRIVE (U.S. Reg. No. 1745504) marks are registered with the United States Patent and Trademark Office and are incontestable. Together with the QUIK DRIVE Marks, these marks create a family of DRIVE marks that consumers associate with Simpson.

64.     Defendant's DRIVE and CLIPDRIVE marks are confusingly similar to Simpson's

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598

registered QUIK DRIVE marks and family of DRIVE marks. Defendant's use of DRIVE and CLIPDRIVE on the same goods as Simpson's QUIK DRIVE product is likely to cause confusion, to cause mistake, or to deceive the public as to the affiliation, connection, or association of Defendant with Simpson, or as to the source, origin, sponsorship, or approval of Defendant's products by Simpson.

## FIFTH CAUSE OF ACTION
### Copyright Infringement

65.    Simpson repeats and realleges, as if fully set forth, the allegations contained in paragraphs 1 through 64.

66.    Simpson owns a valid registered copyright on the Simpson Flier marketing document with the registration number identified above.  Simpson has the exclusive right to copy, distribute, and transmit that copyrighted work in the United States.

67.    National has copied Simpson's copyrighted work and/or created unauthorized substantially similar derivative works, and has distributed that work to third parties, therefore infringing Simpson's copyright, by using material from the Simpson Flier its own catalogs and other marketing and advertising materials, including the CAMO Sell Sheet, as described above.

68.    National's conduct was willful and violates the exclusive rights belonging to Simpson as the owner of the copyrights and its original works, including, without limitation, Simpson's rights under 17 U.S.C. §106.

69.    As a result of the above-described conduct of National, Simpson has been harmed.

70.    Simpson is further entitled to an order, upon the entry of a final judgment, directing the destruction or the return to Simpson of all infringing copies or derivations of Simpson's copyrighted works.

## SIXTH CAUSE OF ACTION
### Unfair Competition Under California Law (Cal. Bus. & Prof. Code § 17200)

71.    Simpson repeats and realleges, as if fully set forth, the allegations contained in paragraphs 1 through 70.

72.    Defendant's actions as alleged herein constitute unfair competition with Simpson in

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598

Case No.                                    COMPLAINT
01435\284\9491482.v8

violation of Cal. Bus. & Prof. Code § 17200. On information and belief, Defendant was aware of Simpson's logo, packaging, and advertising before Defendant changed the existing CAMO logo, packaging, and advertising to incorporate more orange and black than previously used and to select a new shade of orange that is confusingly similar to Simpson Orange. As set forth above, Defendant previously used an advertising and marketing scheme for CAMO products that emphasized camouflage. While an orange accent color was sometimes used, orange did not predominate in the way it does in CAMO marketing now and the shade of orange was much lighter and distinctly different than Simpson Orange. Defendant has made an intentional choice to use a shade of orange that is virtually identical to Simpson Orange (often in conjunction with black and white) across its own marketing and advertising of its competing CAMO brand of products. Like Simpson, Defendant uses this orange color, often in combination with white and black, across its website (camofasteners.com), marketing videos, social media platforms (including Facebook, YouTube, Instagram, and Twitter), products, product packaging, and marketing literature. As part of its use of Simpson Orange, Defendant has also updated CAMO's logo to include the same color orange, and Defendant's CAMO logo now as set forth above is confusingly similar to Simpson's well-known house mark logo, with a black rectangle above an orange rectangle with white font in both rectangles

73.     Defendant's acts of unfair competition also include copying the look and feel of Simpson's branding, tag lines, advertising text, marketing videos, product packaging, hardhat or promotional stickers, and other promotional and marketing literature distributed through Defendant's website and social media channels. For example, in 2020, Simpson launched a promotional campaign for its fastener products that includes hard hat stickers that Simpson sales representatives hand out to customers and potential customers to promote Simpson and Simpson fasteners. The stickers employ Simpson's distinctive color scheme of Simpson Orange, black, and white, and make use of certain motifs, including strength, skulls, bones, shields, and American flags. Simpson recently learned that National has launched a campaign promoting its CAMO fasteners that includes very similar stickers. Just like Simpson's stickers, the CAMO stickers are orange, black, and white and depict very similar themes of strength, skulls, bones, shields, and

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598

Case No.                                                  COMPLAINT
01435\284\9491482.v8

American flags. The similarities are far too close to be coincidental. Not only do the CAMO stickers have the exact same color scheme and themes, but, as shown in the examples above, some of the stickers are clear copies. The same is true for Defendant's other marketing and promotional materials discussed above, which have been created by copying Simpson's promotional and marketing literature.

74.     Defendant's campaign of copying also includes other acts of trademark infringement and copyright infringement, as set forth above. Simpson has sold an auto-feed screw driving system under the QUIK DRIVE mark for decades, which system includes a tool that allows users to apply collated screws while standing upright. Simpson is the owner of numerous registered trademarks in its family of DRIVE marks (e.g., QUIK DRIVE, CRIMP DRIVE, STRONG-DRIVE), including two incontestable trademark registrations for QUIK DRIVE. Defendant marketed a similar tool under the CAMO brand that attached to a drill to apply collated screws while standing upright, which it called the EDGE PRO. Then, in late 2019, Defendant introduced a modified version of this product and re-named it the DRIVE tool. Defendant later introduced a related CAMO product, the CLIPDRIVE tool, which like the DRIVE tool attaches to a drill and allows a user to install CAMO Universal Deck Clips while standing upright. Defendant's CLIPDRIVE tool is painted an orange color that is identical or confusingly similar to Simpson Orange. Defendant's use of DRIVE and CLIPDRIVE in connection with products that are very similar to Simpson's QUIK DRIVE product constitutes infringement of Simpson's family of DRIVE marks and unlawfully trades on the goodwill associated with those marks. As set forth in detail above, Defendant has also copied Simpson's copyrighted marketing literature concerning Simpson's fasteners. For example, Defendant has copied copyrighted material from Simpson's Flier and used it in its CAMO Sell Sheet to market competing products.

75.     Defendant's actions will mislead, deceive, and confuse consumers in the marketplace and cause a false association with Simpson.

76.     Defendant's conduct is willful, fraudulent, malicious, oppressive, and intentional. Defendant's conduct was designed to deprive Simpson of the substantial property rights and economic opportunity that it rightfully possesses or possessed in its trademarks, trade dress, and

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598

Case No.                                                   COMPLAINT

01435\284\9491482.v8

copyrighted material.

77. Simpson has been and will continue to be greatly harmed by Defendant's acts of unfair competition. Simpson is informed and believes, and on that basis alleges, that Defendant will continue to engage in such actions to the irreparable harm of Simpson unless these actions are enjoined by this Court.

## **PRAYER FOR RELIEF**

Simpson requests the Court to enter a judgment in its favor against Defendant National as follows:

1. For a permanent injunction against National and the officers, agents, employees, or attorneys of National, and all others in active concert or participation with them, restraining them from the following actions:

(a) Using Simpson Orange or a confusingly similar color on products, product packaging, website, promotional videos, marketing materials, and promotional stickers;

(b) Using Simpson's trade dress, including the combination of Simpson Orange, black, and white, on the CAMO products, product packaging, website, promotional videos, marketing materials, and promotional stickers;

(c) Using Simpson Orange or a confusingly similar color as part of the CAMO logo;

(d) Using the CAMO logo set forth in paragraph 22 or any other logo that includes a black rectangle above an orange rectangle in a manner that is confusingly similar to Simpson's House Mark or Simpson's Orange and Black Registration;

(e) Using DRIVE and CLIPDRIVE in connection with an auto-feed screw driving system and related tools.

2. That National be ordered to destroy all infringing copies or derivations of Simpson's copyrighted works.

3. That National be adjudged to have infringed Simpson's common law trademarks and unregistered trade dress within the meaning of 15 U.S.C. § 1125(a);

4. That National be adjudged to have infringed Simpson's registered trademarks within

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

the meaning of 15 U.S.C. § 1114;

5.     That National be adjudged to have infringed Simpson's copyright within the meaning of 17 U.S.C. §106;

6.     That National be adjudged to have engaged in unfair competition under Cal. Bus. & Prof. § 17200; and

7.     That Simpson be granted such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY**

Simpson demands a trial by jury for all issues so triable.

Dated:  June 15, 2023                    SHARTSIS FRIESE LLP

                                                    */s/ Joseph V. Mauch*
                                        By:        JOSEPH V. MAUCH

                                        Attorneys for Plaintiff
                                        Simpson Strong-Tie Company Inc.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598